## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

RICHWOOD AREA COMMUNITY HOSPITAL       Case No. 2:08-bk-20637
                                       Chapter 7
      Debtor.

### ORDER AUTHORIZING OPERATION OF DEBTOR'S BUSINESS NUNC PRO TUNC; ESTABLISHING DEADLINE FOR OBJECTIONS TO USE OF CASH COLLATERAL

At Charleston, in said district, on the 22nd day of August, 2008:

Appearances: Steven L. Thomas, Kay Casto & Chaney PLLC on behalf of Thomas H. Fluharty, Chapter 7 Trustee
William F. Dobbs, Jr., Jackson Kelly PLLC on behalf of the Bank of New York Mellon Trust Company, N.A.

On this day, the Court considered the Trustee's **MOTION FOR ORDER (i) AUTHORIZING THE TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS PURSUANT TO 11 U.S.C. §721 NUNC PRO TUNC TO JULY 1, 2008; (ii) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 (c); AND (iii) SCHEDULING AN EXPEDITED HEARING TO ALLOW INTERIM USE OF CASH COLLATERAL** (the "Motion"). Upon consideration of the Trustee's Motion, the Court finds that cause exists to authorize the Trustee to operate the Debtor's business pursuant to 11 U.S.C. §721 on a limited basis for a limited time, *nunc pro tunc* to July 1, 2008. For the foregoing reasons, it is accordingly

**ORDERED** that the Trustee is hereby authorized to operate the Debtor's business on a limited basis for a limited time pursuant to 11 U.S.C. §721, *nunc pro tunc* to July 1, 2008, (i) to allow the Debtor to complete the work necessary to code and otherwise process for payment all unbilled claims identified on Exhibit D to the Trustee's Motion, to post cash receipts to patient accounts and to pay for the wage and benefit costs for this work from July 1, 2008, (ii) to utilize and pay for use of billing software provided by Quadax, Inc., (iii) to pay those amounts necessary to enable the Trustee to maintain appropriate insurance coverage for the estate's assets, (iv) to pay for utilities and office supply costs necessary for the scope of operations described in this Order, and (v) to administer medical records to the extent necessary to discharge the Trustee's duties pursuant to Bankruptcy Code §351. And it is further

**ORDERED AND NOTICE IS HEREBY GIVEN** that if any party in interest objects to entry of the Consent Order Authorizing Use of Cash Collateral And Granting Related Relief, which was entered by the Court on August 27th, 2008, such objections must be filed with the Court on or before September _____, 2008, with a copy served on the following:

| | | | |
|---|---|---|---|
| Thomas H. Fluharty | Steven L. Thomas, Esq. | William F. Dobbs, Jr. | Eric A. Schaffer |
| 408 Lee Avenue | Kay Casto & Chaney PLLC | PO Box 553 | Reed Smith LLP |
| Clarksburg, WV 26301 | PO Box 2031 | Charleston WV 25322 | 435 Sixth Avenue |
| | Charleston, WV 25327 | | Pittsburgh, PA 15219 |

If one or more objections to the Trustee's Motion are filed by September ____, 2008, the Court will schedule a hearing to consider any timely filed objections.

    **ENTERED**: _____

                                                              _____
                                                              Ronald J. Pearson, Judge

PREPARED BY:

<u>/s/Steven L. Thomas</u>
Steven L. Thomas, WVSB No. 3738
Kay Casto & Chaney PLLC
Post Office Box 2031
Charleston, WV 25327-2031
(304) 345-8900; Fax: (304) 345-8909
*Counsel for Thomas H. Fluharty*