UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

In Re:

RICHWOOD AREA COMMUNITY HOSPITAL, INC.                    Case No. 08-20637

Chapter 7

Debtor.

## ORDER GRANTING MOTION TO COMPROMISE CLAIM

Upon the Motion of Thomas H. Fluharty, Chapter 7 Trustee (the "Chapter 7 Trustee"), to approve a settlement agreement with The Bank of New York Mellon Trust Company, N.A., as agent for the indenture trustee, (the "Indenture Trustee"), the Court finds that proper notice of this Motion has been given by the Clerk and that the only objection filed was the protective objection filed by Travelers Property Casualty Company of America ("Travelers").

Upon a review of the Motion and Travelers' protective objection, the Court finds good cause to grant such Motion. For the foregoing reasons, the Court concludes as follows:

1.    The Chapter 7 Trustee and Indenture Trustee have each acted prudently and exercised sound business judgment in negotiating and entering into the settlement agreement attached to the Motion as Exhibit 1, as subsequently modified on October 30, 2009 and as modified by the parties to include specific language that the settlement does not in any way affect the insurance policy or the rights of Travelers in connection with its payment to the Indenture Trustee (hereinafter the "Settlement Agreement");

2.    The Settlement Agreement is a fair and reasonable resolution of the claims resolved thereby;

3.    The Settlement Agreement does not affect the insurance policy or the rights of Travelers in connection with its payment to the Indenture Trustee.

Accordingly, it is hereby ORDERED that the Trustee's Motion To Approve Settlement of Claim according to the terms and conditions of the Settlement Agreement is granted.

IT IS FURTHER ORDERED that, as a result of Travelers' denial of the Bankruptcy Trustee's claim under Travelers' Policy No. P-630-7578B006-TIL-08, the propriety of which is the subject of litigation in Civil Action No. 08-C-48 in the Circuit Court of Nicholas County, West Virginia, the Indenture Trustee has the sole right to receive payment under the MortgageHolders/Loss Payable provisions of the policy for loss and damage arising out of the December 8, 2008 incident.

ENTERED:_____          _____

Ronald G. Pearson, Judge

{H0541180.2 }

PREPARED FOR ENTRY BY:

        /S/   Janet Smith Holbrook
Janet Smith Holbrook, WV Bar No. 5853
*Counsel for Travelers Property Casualty Company of America*


AGREED TO FOR ENTRY BY:

/s/ Steven L. Thomas
WV Bar No.  3738
Kay Casto & Chaney PLLC
PO Box 2031
Charleston, WV  25301
(304) 345-9800; (304) 345-8909
*Counsel for Thomas H. Fluharty, Chapter 7 Trustee*


/s/Gregory L. Taddonio
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219
*Counsel for Bank of New York Mellon Trust Company, Indenture Trustee*

{H0541180.2 }